**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAPHAVADY THEPSIMUANG,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   20-70005<br><br>Agency No. A205-622-174<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Paphavady Thepsimuang, a native and citizen of Laos, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Thepsimuang established changed or extraordinary circumstances to excuse her untimely asylum application. *See* 8 C.F.R. § 208.4(a)(4)-(5). Thus, Thepsimuang's asylum claim fails.

Substantial evidence supports the agency's determination that Thepsimuang failed to establish a clear probability of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"); *see also Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (for withholding of removal, an applicant must show a clear probability of future persecution). Thus, Thepsimuang's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Thepsimuang failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Laos. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to consider Thepsimuang's contentions that the IJ ignored evidence, applied the incorrect legal standard, and violated her right to due

process.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction over claims not raised to agency).

We reject as unsupported by the record Thepsimuang's contentions that the BIA ignored evidence, applied the incorrect legal standard, or otherwise erred in the analysis of her claims.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**